# EXHIBIT A

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS** | | **CASE NO.<br>22-011382-NF<br>Hon. Leslie Kim Smith** |

Court address : 2 Woodward Ave., Detroit MI 48226      Court telephone no.: 313-224-2427

| Plaintiff's name(s), address(es), and telephone no(s)<br>HARRISON HOME SERVICES, INC., as Assignee of Jayla Lile | v | Defendant's name(s), address(es), and telephone no(s).<br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br><br>Justin Haas 53153<br>31275 Northwestern Hwy Ste 225<br>Farmington Hills, MI 48334-2533 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court,

where it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.     **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>9/26/2022 | Expiration date*<br>12/26/2022 | Court clerk<br>John Flanagan |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19)     **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

HARRISON HOME SERVICES, INC.,
as Assignee of Jayla Lile,

                                                Case No. 22-     -NF
                                                HON.

      Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.
_____/

JUSTIN HAAS (P53153)
JESSICA FABER (P76439)
HAAS & GOLDSTEIN, P.C.
Attorneys for Plaintiff
31275 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 702-6550
(248) 538-9044 Fax
_____/

THIS IS TO CERTIFY THAT NO OTHER CIVIL ACTION ARISING OUT OF THE SAME TRANSACTION OR OCCURRENCE AS ALLEGED IN THIS COMPLAINT HAS HERETOFORE BEEN COMMENCED IN THIS COURT.

                        By: /s/ JUSTIN HAAS
                        JUSTIN HAAS (P53153)

**COMPLAINT**

NOW COMES Plaintiff, by and through its attorneys, HAAS & GOLDSTEIN, PC, and for its cause of action against the Defendant, hereby says as follows:

1

1. Plaintiff is a corporation authorized to conduct business under the laws of the State of Michigan and at all times pertinent herein was conducting business in the State of Michigan.

2. Defendant is a corporation, duly organized and existing under the laws of the State of Michigan and, at all times pertinent herein, was, and currently is, conducting business in the County of Wayne, State of Michigan.

3. Pursuant to MCL 600.2041, "every action shall be prosecuted in the name of the real party of interest."

4. All rights, privileges and remedies to payment for health care services, products or accommodations provided by Plaintiff to the injured party, Jayla Lile, for which the injured party is or may be entitled to under MCL 500.3101, *et seq*, the No Fault Act, have been assigned to Plaintiff, hereto attached as **Exhibit A**.

5. As a result of said assignment, Plaintiff bears the burden of pursuit of payment for health care services, products or accommodations, provided by Plaintiff to the injured party.

6. Plaintiff pursued the claims at issue with reasonable diligence.

7. Further, Plaintiff has a direct cause of action pursuant to MCL 500.3112.

8. The amount in controversy is more than Twenty-Five Thousand ($25,000) Dollars, exclusive of costs and attorneys' fees and jurisdiction is otherwise proper with this Court.

## COUNT I- PIP CLAIM

9. Plaintiff re-alleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

10. On March 23, 2012, Jayla Lile, (hereinafter "the injured party") sustained accidental bodily injuries within the meaning of the statutory provisions of MCL 500.3105.

11. Defendant is first in order of priority and/or in the order of priority to pay for the injured party's claim for no fault personal protection insurance benefits in accordance with Chapter 31 of the Michigan Insurance Code, more commonly known as the "no-fault insurance law."

12. Defendant assigned claim number 22-107M548 to the injured party's claim.

13. As a result of the aforementioned injuries, Plaintiff provided reasonably necessary products, services and/or accommodations to aid in the injured party's care, recovery and/or rehabilitation.

14. Defendant became obligated to pay for certain expenses incurred for reasonably necessary products, services and/or accommodations rendered for the injured party's care, recovery or rehabilitation as a result of the injured party's sustained accidental bodily injuries arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle.

15. Plaintiff has provided reasonably necessary products, services and/or accommodations to the injured party and continues to do so, resulting in the following outstanding balances to date:

    a. Jayla Lile    DOS 07/01/21 – 09/17/22    $297,681.80.

16. Plaintiff timely submitted billings to Defendant for products, services and/or accommodations that were rendered to the injured party and that were

reasonably necessary for the care, recovery or rehabilitation of the injured party's injuries.

17. Plaintiff also submitted to Defendant supporting documentation and forms necessary for Defendant to determine the reasonableness, necessity and amount of the medical products and/or services rendered to the injured party.

18. Defendant was provided reasonable proof of the fact and of the amount of losses sustained and charges incurred.

19. To date, Defendant has unreasonably refused and/or delayed in making payment to Plaintiff for the products, services and/or accommodations rendered.

20. Pursuant to MCL 500.3157, Plaintiff is entitled to recover the outstanding balance for the products, services and/or accommodations to the injured party from Defendant.

21. Plaintiff has requested payment from Defendant for the amount of the bills due and owing and Defendant has refused and/or neglected to pay them.

22. Plaintiff is entitled to reasonable and actual attorney fees incurred in this action pursuant to MCL 500.3148.

23. Plaintiff is also entitled to costs and interest pursuant to MCL 500.3142 for the overdue bills that have not been paid by Defendant within 30 days after Defendant received reasonable proof of the fact and of the amount of loss sustained.

24. Pursuant to Insurance Bulletin 92-03, Defendant is "required to provide insureds and claimants with complete protection from economic loss for benefits provided under personal protection insurance."

25. Satisfaction of the judgment obtained by Plaintiff will discharge Defendant of its obligation to the injured party for services Plaintiff provided to the injured party.

26. Plaintiff as assignee of the injured party is the real party of interest and as such Plaintiff has the right to prosecute this action against Defendant pursuant to MCL 600.2041.

## COUNT II- BREACH OF CONTRACT/CONTRACTUAL AND/OR STATUTORY DUTIES

27. Plaintiff re-alleges and reincorporates each of the preceding paragraphs as though fully set forth herein.

28. Defendant's failure to pay Plaintiff personal protection insurance benefits constitutes a material breach of contractual and/or statutory duties pursuant to the contract where the injured party is qualified as an "insured," or otherwise entitled to benefits and/or pursuant to MCL 500.3101, *et seq*.

29. As a direct and proximate cause of Defendant's breach of contractual and/or statutory duties, Plaintiff has sustained damages.

WHEREFORE, Plaintiff claims as damages against Defendant in a sum more than Twenty-Five Thousand ($25,000) Dollars, which the triers of fact deem reasonable, plus costs, attorney fees and interest most wrongly sustained.

Respectfully submitted,

/s/ JUSTIN HAAS
HAAS & GOLDSTEIN, PC
JUSTIN HAAS (P53153)
JESSICA FABER (P76439)
Attorneys for Plaintiff
31275 Northwestern Hwy., Ste. 225
Farmington Hills, MI 48334
(248) 702-6550

Dated: September 26, 2022

# EXHIBIT A

## ASSIGNMENT OF NO-FAULT BENEFITS

**Patient Name:** Jayla Lile
**No-Fault Insurer:** State Farm Insurance
**Claim Number:** 22-107M548
**Dates of Service:** July 1, 2021- present

WHEREAS, Jayla Lile (hereinafter *"the Patient"*) sustained severe accidental bodily injuries in a motor vehicle accident that occurred on 03/23/2012, and the Patient has a right to claim no-fault PIP benefits through a policy of no-fault insurance issued by State Farm Insurance Company (hereinafter *"the Insurer"*) prior to June 11, 2019.

WHEREAS, Harrison Home Services, Inc. (hereinafter "the Provider") has rendered products, services, or accommodations reasonably necessary for the Patient's care, recovery, or rehabilitation of the Patient's injuries sustained in the aforesaid motor vehicle accident.

WHEREAS, regarding the Provider's charges for products, services, or accommodations rendered to the Patient after July 1, 2021, the Insurer has decided to reduce the payments it was previously issuing to the Provider based on the Insurer's belief that it is legally entitled to apply the new reimbursement limitations set forth in the amended version of MCL 500.3157, enacted as part of Public Act 21 on June 11, 2019, to the payment of those charges.

WHEREAS, the Patient and Provider believe that the Insurer's application of the new reimbursement limitations set forth in the amended version of MCL 500.3157 is unlawful and violates the Patient's rights under the insurance policy issued by the Insurer.

WHEREAS, the Insurer's application of the new reimbursement limitations set forth in MCL 500.3157 to the Patient's charges incurred with Provider has resulted in financial detriment and/or other harm to the Provider, and despite said detriment and/or harm, the Provider has continued to render reasonably necessary products, services, and/or accommodations to the Patient.

THEREFORE, in consideration of the mutual covenants and undertakings of the parties as stated herein, the Provider and the Patient hereby agree as follows:

1. **Assignment of Rights and Benefits.** The Patient hereby assigns all of the Patient's present rights, privileges, and remedies, both statutory and contractual, to receive payment for certain no-fault PIP benefits for *"allowable expenses"* as defined in §3107(1)(a) of the No-Fault Automobile Insurance Act (*"the No-Fault Act"*), subject to the terms and conditions set forth below.

    A. The Provider and Patient understand and agree that this Assignment is valid as of the date of their signatures and shall only cover those past due and presently due no-fault PIP benefits incurred by Patient for products, services and/or accommodations rendered to Patient by the Provider, unless otherwise specified herein. The Provider and Patient understand and agree that, in accordance with MCL 500.3143, this is <u>not</u> an assignment of future no-fault benefits and is not intended to include any no-fault benefits which have not yet been incurred.

    B. This Assignment expressly includes the Patient's right to recover penalty sanctions under §3142 and/or §3148 of the No-Fault Act for delay in the payment and/or non-payment of those no-fault PIP benefits that are the subject of this Assignment.

    C. Notwithstanding anything to the contrary, the Provider and Patient understand and agree that the Patient will remain personally liable for the payment of Provider's charges that were incurred at the time services were rendered.

2. **Merger Clause.** This Agreement contains the entire understanding among the parties and replaces and supersedes any agreement(s) that may have been

previously executed with regard to the matters addressed herein. To the extent that the terms and conditions of this Agreement conflict with those of any previously executed agreements, the provisions contained herein control.

3. **Severability Clause.** If a court of competent jurisdiction should deem any provision of this Agreement illegal, invalid or unenforceable, the remainder of the provisions shall remain in full force and effect and shall, in no way, be affected, impaired or invalidated.

EACH OF THE UNDERSIGNED HAS READ THE FOREGOING ASSIGNMENT OF BENEFITS, FULLY UNDERSTANDS IT, AND SIGNS IT FREELY AND VOLUNTARILY.

HARRISON HOME SERVICES, INC.

By: _____

Owner

Dated: 9/3/2022

LOVELY MAYES

By: _____

Her Guardian

Dated: 9-3-2022

# JAYLA LILE
# ACCOUNT LEDGER

| DATES OF SERVICE: | PRIOR AMT. PAID: | AMOUNT PAID: | LOSS: |
|---|---|---|---|
| 7/4/21-7/10/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/11/21-7/17/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/18/21-7/24/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/25/21-7/31/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/1/21-8/7/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/8/21-8/14/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/15/21-8/21/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/22/21-8/28/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/29/21-9/4/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/5/21-9/11/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/12/21-9/18/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/19/21-9/25/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/26/21-10/2/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 10/3/21-10/9/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 10/10/21-10/16/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 10/17/21-10/23/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 10/24/21-10/30/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 10/31/21-11/6/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 11/7/21-11/13/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 11/14/21-11/20/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 11/21/21-11/27/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 11/28/21-12/4/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 12/5/21-12/11/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 12/12/21-12/18/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 12/19/21-12/25/21 | $16,128.00 | $11,548.28 | $4,579.72 |
| 12/26/21-1/1/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 1/2/22-1/8/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 1/9/22-1/15/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 1/16/22-1/22/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 1/23/22-1/29/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 1/30/22-2/5/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 2/6/22-2/12/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 2/13/22-2/19/22 | $16,128.00 | $11,548.28 | $4,579.72- |
| 2/20/22-2/26/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 2/27/22-3/5/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 3/6/22-3/12/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 3/13/22-3/19/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 3/20/22-3/26/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 3/27/22-4/2/22 | $16,128.00 | $11,548.28 | $4,579.72 |

| | | | |
|---|---|---|---|
| 4/3/22-4/9/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 4/10/22-4/16/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 4/17/22-4/23/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 4/24/22-4/30/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 5/1/22-5/7/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 5/8/22-5/14/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 5/15/22-5/21/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 5/22/22-5/28/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 5/29/22-6/4/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 6/5/22-6/11/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 6/12/22-6/18/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 6/19/22-6/25/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 6/26/22-7/2/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/3/22-7/9/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/10/22-7/16/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/17/22-7/23/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/24/22-7/30/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 7/31/22-8/6/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/7/22-8/13/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/14/22-8/20/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/21/22-8/27/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 8/28/22-9/3/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/4/22-9/10/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/11/22-9/17/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| 9/18/22-9/24/22 | $16,128.00 | $11,548.28 | $4,579.72 |
| **TOTAL** | **$1,032,192** | **$739,089.92** | **$293,102.08** |